**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/2024
```

CHRISTIAN URENA, on behalf of himself and all others similarly situated,

               Plaintiff,

- against -

SONDER USA INC.,

               Defendant.

**22 Civ. 7736 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On September 11, 2022, Plaintiff Christian Urena filed this proposed class action against Defendant Sonder USA Inc. ("Sonder"), bringing two claims alleging violations of the New York Labor Law ("NYLL"). In his First Cause of Action ("Count One"), Urena alleges Sonder paid him and his proposed class bi-weekly instead of weekly as required by NYLL § 191. In his Second Cause of Action ("Count Two"), Urena alleges Sonder failed to provide him and his proposed class with the wage notice required by NYLL § 195. (See Dkt. No. 1 [hereinafter "Complaint" or "Compl."].) For each claim, Urena seeks damages in the form of penalties under NYLL § 198. Sonder, in turn, argues Count One should be dismissed because there is no private right of action to seek liquidated damages for violations of NYLL § 191's timely pay requirements. (See Dkt. No. 30 at 6-15.) Sonder also argues that Count Two should

be dismissed for lack of standing, because Urena has not identified an injury or harm arising from the alleged failure to provide him a wage notice. (See id. at 4-6.)

For the reasons below, the Court (1) **GRANTS** Sonder's motion to dismiss Count Two with prejudice; and (2) **ORDERS THE PARTIES TO SHOW CAUSE** why the Court should not stay its ruling on Sonder's motion to dismiss Count One, pending possible review by the New York Court of Appeals of the New York State Supreme Court, Appellate Division, Second Department's decision in Grant v. Global Aircraft Dispatch, Inc., 223 A.D.3d 712 (2024).

## I. BACKGROUND[1]

Defendant Sonder is a hospitality company incorporated under the laws of Delaware and doing business in New York. Plaintiff Urena was hired by Sonder in January 2019 to work as a maintenance engineer at Sonder's 2 Washington Street location in New York City. He was paid approximately $27 per hour on a biweekly basis and was still employed by Sonder when he filed the Complaint. Urena's job responsibilities include such physical tasks as demolition, plumbing work, floor installation, and drywall installation. Urena defines

---

[1] Except as otherwise noted, the facts described here derive from the Complaint, whose factual allegations the Court accepts as true for the purposes of ruling on a motion to dismiss. See Germain v. Nielsen Consumer LLC, 655 F. Supp. 3d 164, 174 (S.D.N.Y. 2023).

2

his proposed class as other manual workers employed by Sonder — including mechanical engineers, maintenance technicians, housekeepers, front desk workers, property managers, and others — who were likewise paid bi-weekly in violation of NYLL § 191. The proposed class period begins September 11, 2016, and continues until the date a class is certified in this action.

Urena filed the Complaint on September 11, 2022, bringing two claims against Sonder. On Count One, Urena contends that Sonder's untimely wage payments violated NYLL § 191(1)(a) and constituted an underpayment of wages for which he has a private right of action under NYLL § 198 to seek damages, including liquidated damages in the amount of 100% of his wages. (See Compl. ¶¶ 35, 40.) On Count Two, Urena seeks compensatory damages as well as an injunction for Sonder's alleged failure to provide him a wage notice in violation of NYLL § 195(1). (See id. ¶ 43.)

Sonder moved to dismiss the Complaint on July 21, 2023. (See Dkt. No. 28 [hereinafter "Motion"].) In support of the Motion, Sonder filed a declaration (see Dkt. No. 29) and a memorandum of law (see Dkt. No. 30 [hereinafter "MOL"]). On August 4, 2023, Urena filed his opposition to the Motion (see Dkt. No. 31 [hereinafter "Opposition" or "Opp."]), and Sonder

filed its reply in further support of its Motion on August 11, 2023 (see Dkt. No. 32 [hereinafter "Reply"]).

## II. DISCUSSION

Sonder argues that Count One should be dismissed under Federal Rule of Civil Procedure ("FRCP") 12(b)(6) because NYLL § 198 does not create a private right of action to bring claims for untimely wage payments. This question of state law is presently unresolved by the New York Court of Appeals. Conflicting decisions have been issued by the New York State Supreme Court, Appellate Division, First Department and the Second Department, and the plaintiff in the Second Department case recently filed a motion for leave to appeal to the New York Court of Appeals. Sonder also argues that Count Two should be dismissed under FRCP 12(b)(1) for lack of standing, because Urena has not alleged an injury in fact.

For the reasons explained below, the Court dismisses Count Two with prejudice and orders the parties to show cause why the Court should not stay resolution of Count One pending clear guidance from the New York Court of Appeals in Grant.

A.  WHETHER TO DISMISS COUNT TWO FOR LACK OF STANDING

Sonder moves to dismiss Count Two under FRCP 12(b)(1) for lack of subject matter jurisdiction. Sonder claims Urena lacks standing to bring Count Two because he has not alleged

4

an injury traceable to Sonder's alleged failure to issue the wage notice required by NYLL § 195. (See MOL at 3-6.)

1. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." See Lifrak v. New York City Council, 389 F. Supp. 2d 500, 502 (S.D.N.Y. 2005) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). "In the absence of standing, a court lacks the requisite subject matter jurisdiction over the case." HealthNow N.Y., Inc. v. New York, 448 F. App'x 79, 81 (2d Cir. 2011); see FRCP 12(b)(1).

"Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" Maddox v. Bank of N.Y. Mellon Tr. Co., N.A., 19 F.4th 58, 62 (2d Cir. 2021) (quoting Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)). "To demonstrate injury in fact, a plaintiff must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." Id. (quoting Strubel v. Comenity Bank, 842 F.3d 181, 188 (2d Cir. 2016)); accord Magadia v. Wal-Mart Assocs., Inc., 999 F.3d 668, 674

(9th Cir. 2021) ("For an injury to be concrete, it must actually exist." (quotation marks and citation omitted)). If a plaintiff cannot demonstrate injury in fact, that plaintiff lacks standing under Article III.

2. Analysis

The Court need not address the merits of whether Urena has standing to bring Count Two, because Urena expressly abandons this claim in his opposition. (See Opp. at 5 (stating he "does not oppose dismissal of [Count Two]" for lack of standing).) Courts generally "deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." Lipton v. Cnty. of Orange, 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004). Thus, Count Two is dismissed with prejudice. See, e.g., Verdi v. City of New York, 306 F. Supp. 3d 532, 552 (S.D.N.Y. 2018) ("Plaintiff abandoned his negligence claims, and they are dismissed with prejudice."); AJ Energy LLC v. Woori Bank, No. 18 Civ. 3735, 2019 WL 4688629, at *7 (S.D.N.Y. Sept. 26, 2019), aff'd, 829 F. App'x 533 (2d Cir. 2020) ("Accordingly, the claim is dismissed with prejudice as abandoned.").

B.   WHETHER THE COURT SHOULD STAY RULING ON COUNT ONE

The Court turns next to Sonder's argument that Count One should be dismissed because there is no private right of action to seek liquidated damages for the untimely payment of

6

wages in violation of NYLL § 191. Considering the conflicting authority from New York appellate courts on this question, the Court considers whether it would be more prudent and conserve judicial resources for it to stay its decision on this count pending potential clarification of the applicable state law by the New York Court of Appeals.

The Court has received and considered the parties' notices of supplemental authority (see Dkt. Nos. 33, 36-39) – which draw the Court's attention to the brewing department split within the New York Appellate Division on this question, as well as to the subsequent decisions from courts in this district addressing this conflict. Compare Vega v. CM & Assoc. Constr. Mgt., LLC, 107 N.Y.S.3d 286 (N.Y. App. Div. 1st Dep't 2019) (holding NYLL § 198 provides a private right of action to seek liquidated damages for NYLL § 191 timely pay violations), with Grant, 223 A.D.3d 712 (holding NYLL § 198 does *not* provide private right of action to seek liquidated damages for NYLL § 191 timely pay violations).[2] See id. at

---

[2] Until Grant, every court in this Circuit has followed Vega's reasoning, as until then it represented the highest state court authority on this issue. See Gillett v. Zara USA, Inc., 20 Civ. 3734, 2022 WL 3285275, at *25 (S.D.N.Y. Aug. 10, 2022) ("[C]ourts in this Circuit have routinely found there to be a private right of action under Section 191(1)(a) pursuant to the First Department's decision in Vega."); e.g., Duverny v. Hercules Med. P.C., No. 18 Civ. 7652, 2020 WL 1033048, at *5 (S.D.N.Y. Mar. 3, 2020). Since Grant, at least three other federal courts that have confronted this department split have chosen to follow Vega instead of Grant. See Zachary v. BG Retail, LLC, No. 22 Civ. 10521, 2024 WL 554174, at *7 (S.D.N.Y. Feb. 12, 2024) (predicting "the Court of Appeals would likely agree with Vega and reject Grant"); Gamboa v. Regeneron Pharm.,

7

715 ("We respectfully disagree with the reasoning of Vega and decline to follow it.").

In light of this conflicting authority from the New York appellate courts, the Court's challenge is to predict whether the New York Court of Appeals will agree with the reasoning in Vega or the reasoning in Grant. See Broder v. Cablevision Sys. Corp., 418 F.3d 187, 199-200 (2d Cir. 2005) ("As a federal court applying state law, we are generally obliged to follow the state law decisions of state intermediate appellate courts . . . [i]n the absence of any contrary New York authority or other persuasive data establishing that the highest court of the state would decide otherwise." (quotation marks and bracket omitted)). Further complicating any prediction is Sonder's contention — echoed by Grant, see 223 A.D.3d at 719-20 — that Vega's holding is "irreconcilable with the New York Court of Appeals' recent decision in Konkur v. Utica Academy of Science Charter School[,] 38 N.Y.3d 38 (2022)." (MOL at 12).

The New York Court of Appeals has yet to address this question. But that may soon change. In response to Urena's first notice of supplemental authority (Dkt. No. 39), Sonder states that the plaintiff in Grant recently filed a motion

---

Inc., No. 22 Civ. 10605, 2024 WL 815253 (S.D.N.Y. Feb. 27, 2024) (same); Sarmiento v. Flagge Cont. Inc., 22 Civ. 9718, 2024 WL 806137 (S.D.N.Y. Feb. 27, 2024) (Cott, Mag. J.) (same).

8

with the Second Department seeking leave to appeal to the New York Court of Appeals, which is currently pending. (See Dkt. No. 38 at 1-2 (citing App. Div. Docket No. 2021-03202 (Feb. 15, 2024), NYSCEF Doc. No. 24).) Though Sonder argues the Court should follow the reasoning in Grant instead of Vega, Sonder argues in the alternative that the Court "should await resolution of the anticipated appeal in Grant before rendering a decision on Sonder's Motion here." (Id. at 1-2 (claiming "Grant itself will likely be soon heard by the Court of Appeals, eliminating the need for federal courts to 'predict' as to how it may rule").)

In light of these developments, the parties are directed to show cause, within seven (7) days of the entry of this Order, why the Court should not stay its ruling on Sonder's motion to dismiss Count One, pending the New York Court of Appeals' potential review of Grant.

### III.  ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion (Dkt. No. 28) of defendant Sonder USA Inc. to dismiss the Second Cause of Action of the Complaint filed by plaintiff Christian Urena, on behalf of himself and all others similarly situated (Dkt. No. 1), pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is **GRANTED**; and it is further

**ORDERED** that the parties are hereby directed to show cause, within seven (7) days of the entry of this Order, why the Court should not stay its ruling on the motion (Dkt. No. 28) of defendant Sonder USA Inc. to dismiss the First Cause of Action of the Complaint filed by plaintiff Christian Urena, (Dkt. No. 1), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, pending possible New York Court of Appeals review of the decision in <u>Grant v. Global Aircraft Dispatch, Inc.</u>, 223 A.D.3d 712 (N.Y. App. Div. 2d Dep't 2024).

**SO ORDERED.**

Dated:    7 March 2024
          New York, New York

_____
Victor Marrero
U.S.D.J.