**SheppardMullin**

Sheppard, Mullin, Richter & Hampton LLP
30 Rockefeller Plaza
New York, New York 10112-0015
212.653.8700 main
212.653.8701 fax
www.sheppardmullin.com

212.634.3059 direct
bmurphy@sheppardmullin.com

March 25, 2024

<u>**VIA ECF**</u>

Hon. Victor Marrero
U.S.D.C. for the Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Urena v. Sonder USA Inc.* - No. 22-CV-7736

Dear Judge Marrero:

We represent Sonder USA Inc. ("Sonder") in the above-referenced matter.  We write in accordance with the Court's Order dated March 7, 2024, (ECF No. 42), directing the Parties to show cause why the Court should not stay its ruling on Sonder's Motion to Dismiss Count One of Plaintiff Christian Urena's ("Plaintiff") Amended Complaint pending the New York Court of Appeals' likely appellate review of the decision in *Grant v. Global Aircraft Dispatch, Inc.*, 223 A.D.3d 712 (N.Y. App. Div. 2d Dep't 2024).  For the reasons set forth below, Sonder respectfully submits that a stay is appropriate.

Sonder recognizes that this submission was due on March 21, 2024.  The extended deadline was mis-calendared by me after the extension was granted.  I apologize to the Court for this oversight and respectfully request that this belated submission nevertheless be considered by the Court.

**R**ELEVANT **B**ACKGROUND

Plaintiff filed a Complaint (on September 11, 2022) and an Amended Complaint (on February 27, 2023) alleging violations of the frequency of pay requirements of Section 191 of the New York Labor Law ("NYLL") and the wage statement requirements of Section 195 of the NYLL.  (ECF Nos. 1, 17).  Plaintiff's allegations mimic hundreds of "manual worker" cases that have inundated the dockets of New York federal courts in recent years following the decision by the New York Appellate Division for the First Department in *Vega v. CM & Assoc. Constr. Mgmt., LLC*, 175 A.D.3d 1144 (1st Dep't 2019).

Sonder filed a Motion to Dismiss the Amended Complaint on July 21, 2023.  (ECF No. 28).  With regard to Plaintiff's Section 191 claim, Sonder argued, in relevant part, that *Vega* was wrongly decided, that Section 191 does not contain a private right of action, and that liquidated damages under Section 198(1-a) are not available as damages.  While Sonder's Motion was pending, the New York Appellate Division for the Second Department issued its decision in *Grant* and rejected the reasoning of *Vega* on precisely the same grounds argued by Sonder.

Since the split in authority came to pass in New York state courts, a similar split has emerged among New York federal courts.  *Compare Zachary v. BG Retail, LLC*, No. 22-CV-10521 (CB), 2024 WL 554174, at *3-4 (S.D.N.Y. Feb. 12, 2024) (rejecting *Grant*) *with Galante v. Watermark Servs. IV, LLC*, No. 23-CV-6227 (FPG), 2024 WL 989704, at *8 (W.D.N.Y. Mar. 7,

**SheppardMullin**

March 25, 2024
Page 2

2024) (following *Grant*).  In addition, as these splits solidified, the *Grant* plaintiff filed a motion for re-argument and/or leave to appeal to the New York Court of Appeals with the Second Department in accordance with Section 1250.16(d) of the Practice Rules of the Appellate Division.  *See* App. Div. Docket No. 2021-03202 (Feb. 15, 2024), NYSECF No. 24.  Finally, a bevy of legislative proposals have been introduced by the Governor and state legislators in response to the shifting jurisprudential landscape that would materially modify or provide clarity on Section 191 litigation.  *See* Executive Budget Proposal for the 2025 Fiscal Year at www.budget.ny.gov/pubs/archive/fy25/ex/artvii/elfa-bill.pdf (Part K) (eliminating liquidated damages as remedy); S361 (eliminating the availability of liquidated damages in order "[t]o reduce the harmful effects that the *Vega* ruling will have on small businesses"); S6077 (granting safe harbor from Section 191 claims where wages are paid within 14 days of the week in which wages were earned).

On March 7, 2024, this Court issued a decision on Sonder's Motion, dismissing Plaintiff's Section 195 claim with prejudice, and directing the Parties to show cause why the Court should not stay its decision concerning that aspect of the Motion that seeks dismissal of Plaintiff's Section 195 claim pending potential appellate review of the *Grant* decision.  (ECF No. 42).

**A S<small>TAY</small> I<small>S</small> A<small>PPROPRIATE</small> P<small>ENDING</small> L<small>IKELY</small> A<small>PPELLATE</small> R<small>EVIEW</small> O<small>F</small> *G<small>RANT</small>***

If the Court were to rule on Sonder's Motion now, it would be tasked with predicting how the New York Court of Appeals would resolve the conflict between the holdings of *Grant* and *Vega*.  *See, e.g.*, *Michalski v. Home Depot, Inc.*, 225 F.3d 113, 116 (2d Cir. 2000).  As referenced above, federal courts have reached different conclusions as to how the Court of Appeals may rule, leaving the state of the law unsettled.  The need for guesswork may end shortly, however, given the *Grant* plaintiff's recent request for leave to appeal to the Court of Appeals.  *See* App. Div. Docket No. 2021-03202 (Feb. 15, 2024), NYSECF No. 24; see also 22 N.Y.C.R.R. § 500.22(b)(4) (identifying the ability to resolve "a conflict among the departments of the Appellate Division" as a ground upon which the Court of Appeals may hear an appeal).[1]

It is well settled that a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Courts routinely "exercise [their] staying power when a higher court is close to settling an important issue of law bearing on the action."  *Sikhs v. Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012); *see also Marshel v. AFW Fabric Corp.*, 552 F.2d 471, 472 (2d Cir. 1977) (instructing the district court to stay the proceedings pending a Supreme Court decision which was likely to determine the question of liability).

Courts in the Second Circuit consider the following factors in deciding whether to stay an action: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest."  *Van Elzen v. Glob. Strategy Grp., LLC*, No. 20-CV-3541 (JPO), 2021 WL 185328, at *2 (S.D.N.Y. Jan. 19, 2021).

---

[1] The various legislative proposals may also impact Section 191, and potentially the need for review by the Court of Appeals, but the legislative process and timeline is too uncertain to predict.

**SheppardMullin**

March 25, 2024
Page 3

Weighing these factors, a Southern District Court recently determined that it was appropriate to stay a Section 191 case due to the then-pending appeal of *Grant* to the Second Department. *See Sethy v. Victoria's Secret Stores*, No. 23-CV-3452 (RA), 2023 U.S. Dist. LEXIS 124756, *2 (S.D.N.Y. July 19, 2023). There, the Court determined that the plaintiffs "would not be prejudiced by a brief stay pending the New York court's determination in *Grant*, and that the countervailing interests of Defendant, the courts, and the public weigh heavily in favor of granting the stay." *Id.* Specifically, the Court recognized that "were the New York Court of Appeals to take up the issue following a decision by the intermediate court in *Grant*, its interpretation of the NYLL would constitute a binding interpretation of state law." *Id.*[2]

The same considerations exist here. A stay pending a determination in *Grant* will best serve the interests of the parties, the Court, non-parties, and the public because it will provide the Court with a binding interpretation of the state law at issue in this case. A temporary stay will not prejudice the Plaintiff, who only seeks monetary damages in the form of penalties, as there is no dispute he was already paid all outstanding wages. *See Rovi Guides, Inc. v. Comcast Corp.*, No. 16-CV-9278 (JPO), 2017 WL 4876305, at *5 (S.D.N.Y. Oct. 27, 2017). However, both parties would be severely prejudiced if they were required to expend the time and resources litigating claims which may be rendered moot should a Court of Appeals' ruling in *Grant* extinguish *Vega*. *See McCracken v. Verisma Sys., Inc.*, No. 14-CV-6248 FPG/MJP, 2020 WL 6280939, at *9 (W.D.N.Y. Oct. 27, 2020) (interests of the class and nonparties would be better served by waiting for "invaluable guidance to the Court" on key issues).

Further, the decision to stay this case serves judicial economy and preserves the Court's resources, which would be wasted if it was required to address this key legal issue multiple times seriatim based on the outcome of the *Grant* appeal. *See Hoover v. HSBC Mortg. Corp. (USA)*, 2014 WL 12781322, at *1-2 (N.D.N.Y. July 9, 2014) (staying class litigation because "it would be an inefficient use of time and resources of the Court and the parties to proceed in light of a pending Second Circuit decision" that may impact the case); *Spano v. V & J Nat'l Enters., LLC*, 264 F. Supp. 3d 440 (W.D.N.Y. 2017) (issuing *sua sponte* stay in wage action pending anticipated appellate direction regarding class action waivers). Similarly, "[t]he public, too, suffers when litigation proceeds in" a "repetitive" and "costly fashion." *See McNamee v. Clemens*, No. 09 CV 1647 SJ CLP, 2014 WL 1682025, at *3 (E.D.N.Y. Apr. 28, 2014).

---

[2] On March 6, 2024, the *Sethy* Court scheduled a status conference for April 6, 2024 and directed that the stay remain in place through at least that time. *See* Case No. 23-CV-3452 (RA) at Docket No. 29.

**SheppardMullin**

March 25, 2024
Page 4

**CONCLUSION**

  For each of these reasons, Sonder respectfully requests that the Court stay this action pending the later of: (i) a denial by the Second Department or Court of Appeals of a request to appeal *Grant*; or (ii) a decision by the Court of Appeals in *Grant*.

          Respectfully submitted,

          /s/ Brian D. Murphy

          Brian D. Murphy
          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

cc:  All Counsel of Record