USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/28/24

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

CHRISTIAN URENA, on behalf of himself
and all others similarly situated,

               Plaintiff,

   - against -

SONDER USA INC.,

               Defendant.

**22 Civ. 7736 (VM)**

**ORDER**

---

**VICTOR MARRERO, United States District Judge.**

On September 11, 2022, plaintiff Christian Urena ("Urena") filed this proposed class action alleging, as relevant here, that defendant Sonder USA Inc. ("Sonder") violated New York Labor Law ("NYLL") §§ 191 and 198 by paying him and his proposed class wages on a bi-weekly basis instead of weekly ("Count One"). (See Complaint, Dkt. No. 1, ¶¶ 35-40.) After Sonder moved to dismiss the Complaint (see Dkt. No. 28), the New York State Supreme Court, Appellate Division, Second Department ("Second Department") issued its decision in Grant v. Global Aircraft Dispatch, Inc., 204 N.Y.S.3d 117 (N.Y. App. Div. 2d Dep't 2024). In Grant, the Second Department created a conflict within the Appellate Division on the same question now before this Court: whether NYLL § 198 provides a private right of action for an employee to seek liquidated damages for timely pay violations of NYLL § 191.

Compare Grant, 204 N.Y.S.3d 117 (holding *no* private right of action), with Vega v. CM & Assoc. Constr. Mgt., LLC, 107 N.Y.S.3d 286 (N.Y. App. Div. 1st Dep't 2019) (holding there *is* a private right of action).

By Decision and Order ("D&O") entered on March 7, 2024, the Court directed the parties to show cause why the Court should not stay its ruling on Sonder's motion to dismiss Count One, pending the New York Court of Appeals' potential review of Grant. (See Dkt. No. 42 at 10.)[1] Having considered the parties' submissions on this issue,[2] the Court determines that a temporary stay is warranted.

"This Court has authority to stay proceedings pending disposition of another case that could affect the outcome." Hoover v. HSBC Mortg. Corp. (USA), No. 13 Civ. 149, 2014 WL 12781322, at *2 (N.D.N.Y. July 9, 2014); see Leslie v. Thompson Reuters Corp., No. 22 Civ. 7936, 2023 WL 6173511, at

---

[1] In the same D&O, the Court also granted Sonder's motion to dismiss Count Two – which alleged violations of NYLL § 195's wage notice requirements – with prejudice. (See Dkt. No. 42 at 6, 9.)

[2] On joint request from the parties (see Dkt. No. 43), the Court granted an extension of time for the parties to respond to the Court's Order and directed the parties to submit their positions on the stay issue on or by March 21, 2024. (See Dkt. No. 44.) Sonder belatedly filed its submission on March 25, 2024. (See Dkt. No. 45.) In this submission, Sonder's counsel asks the Court to excuse this delay and explains his error in mis-calendaring the deadline, for which he takes responsibility. Urena belatedly filed his submission on March 27, 2024; unlike Sonder, however, Urena's counsel does not offer any explanation for (or even acknowledge) this delay. (See Dkt. No. 46.) Nevertheless, the Court will exercise its discretion to consider both parties' submissions and decide the stay issue. See Nationstar Mortg. LLC v. Hunte, No. 16 Civ. 8708, 2020 WL 2836431, at *2 n.4 (S.D.N.Y. June 1, 2020), aff'd, No. 22-1447, 2024 WL 161372 (2d Cir. Jan. 16, 2024).

\*2 (S.D.N.Y. Sept. 22, 2023); Goldstein v. Time Warner N.Y.C. Cable Grp., 3 F. Supp. 2d 423, 439 (S.D.N.Y. 1998). "A district court's 'power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Loftus v. Signpost Inc., 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020) (quoting Louis Vuitton Malletier S.A. v. LY USA, Inc., 676 F.3d 83, 96 (2d Cir. 2012)). In deciding whether to issue a stay, courts consider the following factors: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." Loftus, 464 F. Supp. 3d at 526.

Each of these factors favors a stay here. First, the Court finds a stay would not unduly prejudice either Urena (or the putative class), since Urena seeks only monetary damages (in the form of penalties) and does not dispute that he was already paid all of his outstanding wages. See, e.g., OV Loop, Inc. v. Mastercard Inc., No. 23 Civ. 1773, 2023 WL 7905690, at \*7 (S.D.N.Y. Nov. 16, 2023) (issuing temporary stay and finding no undue prejudice, in part, because a "stay

3

would not diminish any potential monetary damages that [plaintiff] might recover"); Rovi Guides, Inc. v. Comcast Corp., No. 16 Civ. 9278, 2017 WL 4876305, at *5 (S.D.N.Y. Oct. 27, 2017) (issuing temporary stay and finding no undue prejudice, in part, because "monetary damages w[ould] be sufficient to compensate" plaintiff).

Second, the Court finds that the interests of Sonder, the courts, persons not parties to the litigation, and the public weigh heavily in favor of granting the stay. Should the New York Court of Appeals issue a ruling in Grant, its interpretation of the NYLL would be binding on this Court and would therefore likely determine the key issue in this case. See Wisconsin v. Mitchell, 508 U.S. 476, 483 (1993) ("There is no doubt that [federal courts] are bound by a state court's construction of a state statute."); see also In re Gen. Motors LLC Ignition Switch Litig., 339 F. Supp. 3d 262, 275 (S.D.N.Y. 2018). Both parties would be prejudiced by expending time and resources litigating a claim that may be rendered moot if the New York Court of Appeals considers the appeal in Grant. For the same reason, a stay pending potential review of Grant would serve both the public interest and the interest of judicial economy. See Leslie, 2023 WL 6173511, at *2 (issuing stay because it "would be an inefficient use of time and resources of the Court and the parties to proceed in light of

4

a pending [higher court] decision that will significantly impact this litigation" (quoting Hoover, 2014 WL 12781322, at *2)); see also Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, No. 14 Civ. 2590, 2018 WL 3830921, at *2 (S.D.N.Y. Aug. 13, 2018) (acknowledging the public interest in "avoiding extra [judicial] cost").

A stay is especially warranted here, where "a higher court is close to settling an important issue of law bearing on the action." Sikhs for Justice v. Nath, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012). On February 15, 2024, the plaintiff in Grant filed a motion with the Second Department for leave to appeal to the New York Court of Appeals, pursuant to CPLR 5602(b)[3] and 22 NYCRR § 1250.16(d).[4] See App. Div. Dkt. No. 2021-03202, NYSECF No. 24, at 2. The defendant did not oppose the request for leave to appeal.[5] See id., NYSECF No. 25, at 12. The motion was fully submitted on March 16, 2024, and is pending before the Second Department. See id., NYSECF No. 26.

That Grant created a conflict within the New York Appellate Division on a significant issue of state law – an

---

[3] Referring to the New York Civil Practice Law and Rules.
[4] Referring to the New York Codes, Rules and Regulations.
[5] More precisely, the Grant defendant argued that leave to appeal should not be granted as to certain issues left unresolved by the Second Department's decision in Grant; however, the defendant took no position on the plaintiff's request for leave to appeal the issue that is at the heart of the action before this Court. See App. Div. Dkt. No. 2021-03202, NYSECF No. 25, at 12.

issue still unresolved by the New York Court of Appeals – substantially bolsters the prospects that the Second Department will grant the motion for leave to appeal. See 22 NYCRR § 500.22(b)(4) (listing grounds for leave to appeal to the New York Court of Appeals, including (1) that the issues "are novel or of public importance" or (2) that the issues "involve a conflict among the departments of the Appellate Division"). Moreover, even if the Second Department denies the motion, the Grant plaintiff can still seek leave from the New York Court of Appeals directly. See CPLR 5602(a)(1)(i).

Lastly, the Court notes that another court in this District, facing the same question of state law, previously entered a stay pending the Second Department's decision in Grant. See Sethy v. Victoria's Secret Stores, No. 23 Civ. 3452, 2023 U.S. Dist. LEXIS 124756 (S.D.N.Y. July 19, 2023).[6] The case for a stay is even more compelling here (where a New York Courts of Appeals ruling would resolve a significant department split and bind this Court) than it was in Sethy (which issued a stay even though courts had until then uniformly followed Vega and even though a contrary ruling by the Second Department would not have dictated the result in Sethy). See id. at *2 (noting that "were the New York Court

---

[6] The stay in Sethy remains in effect pending a scheduled April 6, 2024 status conference to discuss the Second Department's Grant decision. See Order, Sethy, No. 23 Civ. 3452 (Mar. 6, 2024), ECF No. 29.

6

of Appeals to take up the issue following a decision by the intermediate court in Grant, its interpretation of the NYLL would constitute a binding interpretation of state law"); cf. Gen. Motors, 339 F. Supp. 3d at 275 (observing that "a federal court is not [always] bound by the opinions of a state's lower courts," even when the state's highest court has not spoken); Comm'r of Internal Revenue v. Estate of Bosch, 387 U.S. 456, 465 (1967) (same); see, e.g., Gamboa v. Regeneron Pharm., Inc., No. 22 Civ. 10605, 2024 WL 815253, at *5-6 (S.D.N.Y. Feb. 27, 2024) (declining to follow Grant); Zachary v. BG Retail, LLC, No. 22 Civ. 10521, 2024 WL 554174, at *7-8 (S.D.N.Y. Feb. 12, 2024) (same).

Accordingly, further proceedings in this action are hereby stayed pending potential New York Court of Appeals' review of the decision in Grant v. Global Aircraft Dispatch, Inc., 204 N.Y.S.3d 117 (N.Y. App. Div. 2d Dep't 2024). The parties shall submit a joint status letter to the Court no later than two weeks after the Second Department's ruling on the pending motion for leave to appeal.

**SO ORDERED.**

Dated:    28 March 2024
          New York, New York

_____
Victor Marrero
U.S.D.J.