UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                              :
CHRISTIAN URENA, *on behalf of himself and others*   :
*similarly situated*,                                       :
                                              :     22-CV-7736 (JAV)
                        Plaintiff,               :
                                              :         <u>ORDER</u>
              -v-                              :
                                              :
SONDER USA INC.,                             :
                                             :
                      Defendant.            :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

       By Order dated March 28, 2024, Judge Marrero ordered a stay of this action pending the potential New York Court of Appeals' review of the decision in *Grant v. Global Aircraft Dispatch, Inc.*, 204 N.Y.S.3d 117 (2d Dep't 2024). ECF No. 47.

       In determining that a stay was appropriate, the Court found that a "higher court is close to settling an important issue of law bearing on the action." ECF No. 47 at 5 (quoting *Siks for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012)). Specifically, Judge Marrero noted that the plaintiff in *Grant* had filed a motion with the Second Department for leave to appeal to the New York Court of Appeals, and that request had been fully submitted as of March 16, 2024. *Id.*

       At the time the stay in this matter was imposed, it was contemplated that a decision by the New York Court of Appeals was imminent. Almost a year has now passed, however, and the Second Department has not yet ruled on the motion for leave to appeal. It is thus unclear that the New York Court of Appeals will even be taking up the issue presented in *Grant*. If it does, any decision in that matter remains far off.

       In the interim, a number of courts within the Second Circuit have allowed cases raising

the same legal issue as is presented here to proceed. *See, e.g.*, *Charles v. United States of Aritzia Inc.*, No. 23-CV-09389 (MMG), 2024 WL 4167502, at *6 (S.D.N.Y. Sept. 12, 2024); *Espinal v. Sephora USA, Inc.*, No. 22 CIV. 3034 (PAE) (GWG), 2024 WL 4241537, at *5 (S.D.N.Y. Sept. 19, 2024), *reconsideration denied*, No. 22 CIV. 3034 (PAE) (GWG), 2024 WL 4751279 (S.D.N.Y. Nov. 12, 2024). As another court in this District observed in denying a stay in a substantially similar case, "any decision by the Court of Appeals is far off, and it's not even certain that there will be one." *Bryant v. Buffalo Exch., Ltd.*, No. 23-CV-8286 (AS), 2024 WL 3675948, at *6 (S.D.N.Y. Aug. 6, 2024).

This case was filed in 2022. To date no discovery has taken place. The proposed protracted delay that would result from a continued stay of this litigation prejudices both the plaintiff and potentially the members of the proposed class. To delay this case for what will likely be at least another year, for a decision "that may never come," does not serve the interests of justice.

Accordingly, the stay of this matter is lifted. By **March 18, 2025**, the parties shall each be permitted to submit a letter, no longer than four single spaced pages in length, providing the Court with any supplemental authority bearing on the pending motion to dismiss.

By separate order, the Court will also be referring the parties in this matter to the Court-annexed Mediation Program. If the parties believe that there is need for limited discovery to facilitate the mediation, they shall confer with respect to the scope of such discovery and promptly raise any disputes with the Court in accordance with its Individual Rules and Practices in Civil Cases.

The Clerk of Court is directed to lift the stay in this matter.

SO ORDERED.

Dated: March 4, 2025  
       New York, New York

_____  
JEANNETTE A. VARGAS  
United States District Judge

3